UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | 8:14-cv-00263-CAS<br>8:14-cv-00265-CAS<br>8:14-cv-00266-CAS | Date | August 15, 2014 |
|---|---|---|---|
| Title | IN RE: JEFFREY SUMNER CHILDS | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants |
| Not Present | | Not Present |

**Proceedings:**   (In Chambers:) ORDER DISMISSING APPEALS FROM BANKRUPTCY COURT WITHOUT PREJUDICE

## I.   INTRODUCTION AND BACKGROUND

On November 3, 2012, debtor Jeffrey Sumner Childs commenced a bankruptcy proceeding in the United States Bankruptcy Court for the Central District of California pursuant to Chapter 7 of the United States Bankruptcy Code.  These appeals concern three adversary proceedings associated with the debtor's underlying bankruptcy.  "At their core, the stayed adversary proceedings concern a dispute regarding the ownership of [appellant Triple Nine Plus Fine Land and Mining Company LLC], a company that owns a gold mine valued at approximately one billion dollars."  Order Directing Appellants to File Motion for Leave to Appeal ("Order re: Mot. Leave to Appeal") at 1, 14-cv-00266-CAS, dkt. #13.  The adversary proceedings are briefly described below:

- <u>Triple Nine Plus Fine Land and Mining Company, LLC, et al. v. Jeffrey Sumner Childs, et al.</u>, 8:13-ap-01390-MW began as an action in Orange County Superior Court, and was subsequently removed to the Bankruptcy Court by the Chapter 7 Trustee.  In this action, appellants Triple Nine Plus Fine Land and Mining Company, LLC ("Triple Nine") and C.B. Nanda, the managing member of Triple Nine, are asserting claims for breach of contract, fraud, and related claims arising from allegations that the debtor attempted to force Nanda to sell his interest in Triple Nine by threatening Nanda and his wife.  Order re: Mot. Leave to Appeal at 1.  The debtor subsequently filed a cross-complaint against Triple Nine and Nanda,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES - GENERAL** | | JS-6 |
| Case No. | 8:14-cv-00263-CAS<br>8:14-cv-00265-CAS<br>8:14-cv-00266-CAS | Date | August 15, 2014 |
| Title | IN RE: JEFFREY SUMNER CHILDS | | |

alleging that Nanda misrepresented to the debtor that the debtor would be an equal owner and manager of Triple Nine. Id. at 2.

- Triple Nine Plus Fine Land and Mining Company, LLC, et al. v. Jeffrey Sumner Childs, et al., 8:13-ap-01096-MW is an adversary proceeding initiated by Triple Nine Plus Fine Land and Mining Company, LLC ("Triple Nine") and Nanda. In this proceeding, Triple Nine and Nanda are seeking an order from the Bankruptcy Court that any judgment obtained in the state court action described above (now an adversary proceeding) is non-dischargeable in the debtor's bankruptcy.

- Triple Nine Plus Fine Land and Mining Company, LLC, et al. v. Sean Tucker, et al., 8:13-ap-01351-MW began as a petition to compel arbitration, filed in Orange County Superior Court. The dispute arose between Triple Nine and C.B. Nanda, on the one hand, and Sean and Leslie Tucker, on the other, over the parties' relative rights to the debtor's interest in Triple Nine. The trustee subsequently removed this action to the Bankruptcy Court.

After the trustee removed the to the Bankruptcy Court, appellants moved to remand adversary proceedings 8:13-ap-01351 and 8:13-ap-01390 back to state court. Appellants also moved to consolidate adversary proceedings 8:13-ap-01096 and 8:13-ap-01390 in the event that their motion to remand was denied.

On January 29, 2014, the Bankruptcy Court held a hearing on these motions. See Transcript of January 29, 2014 Hearing, 8:14-cv-00266-CAS, dkt. #7-13. Rather than rule on the pending motions, the court stated its tentative view that the three adversary proceedings should be stayed. See id. The court stated that the issues presented by the adversary proceedings were largely duplicative of the issues presented by Triple Nine and Nanda's filing of a $4.4 million proof of claim against the debtor's estate. Specifically, the court noted that the three adversary proceedings and the proof of claim all raised similar questions regarding the debtor's interest in Triple Nine. Transcript of January 29, 2014 Hearing, 8:14-cv-00266-CAS, dkt. #7-13. The court stated that "the most intelligent way to proceed in terms of reducing costs, reducing duplication, [and] simplifying the issues" in the bankruptcy proceeding was to stay the three adversary proceedings pending the resolution of Triple Nine and Nanda's proof of claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | 8:14-cv-00263-CAS<br>8:14-cv-00265-CAS<br>8:14-cv-00266-CAS | Date | August 15, 2014 |
|---|---|---|---|
| Title | IN RE: JEFFREY SUMNER CHILDS | | |

  Thereafter, the court stayed the three adversary proceedings by order dated February 5, 2014. 8:14-cv-00263-CAS, dkt. #2; 8:14-cv-00265-CAS, dkt. #2, 8:14-cv-00266, dkt. #2. The order states that the purpose of the stay is to "enhance trial court efficiency and avoid the unnecessary duplication of proceedings and effort, and for the reasons stated on the record [at the January 29, 2014 hearing]. . . and [the] Court's inherent authority to regulate and control its own docket and the proceedings before it." Id.

  Appellants appealed the Bankruptcy Court's stay of each of the three adversary proceedings, resulting in three separate appeals to the United States District Court for the Central District of California. The appeal of the stay of the adversary proceeding in which appellants are seeking an order that any judgment obtained by appellants against debtor is not dischargeable in the present bankruptcy proceeding (the "263 appeal") is identified by docket number 8:14-cv-00263-CAS, the appeal of the stay of the adversary proceeding that began as a state court fraud and contract action (the "265 appeal") is identified by docket number 8:14-cv-00265-CAS, and the appeal of the Tucker adversary proceeding (the "266 appeal") is identified by docket number 8:14-cv-00266-CAS. The 263 appeal was assigned to the undersigned judge at the outset. The 265 appeal was initially assigned to the Honorable George H. King, and was transferred to the undersigned judge on March 11, 2014. The 266 appeal was initially assigned to the Honorable Margaret M. Morrow, and was transferred to the undersigned judge by order dated May 29, 2014.

  Prior to the transfer of the 266 appeal to the undersigned judge, Judge Morrow issued an order dated May 6, 2014. There, Judge Morrow stated her view that the Bankruptcy Court's order staying the adversary proceedings was not a final order, appealable to the district court as of right. She therefore directed appellants to file a motion for leave to appeal, by order dated May 6, 2014. Appellants did so on May 16, 2014, and the trustee responded on May 24, 2014.

  As set forth below, the Court concurs with Judge Morrow's conclusion that the Bankruptcy Court's order staying the adversary proceedings is not a final order. Moreover, the Court concludes that it would not be appropriate in this instance for the Court to exercise its discretion to hear an appeal from an interlocutory order of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | 8:14-cv-00263-CAS<br>8:14-cv-00265-CAS<br>8:14-cv-00266-CAS | Date | August 15, 2014 |
|---|---|---|---|
| Title | IN RE: JEFFREY SUMNER CHILDS | | |

Bankruptcy Court. Accordingly, the Court finds that appellant's motion for leave to appeal, filed in the 266 appeal, should be denied. Additionally, since the Bankruptcy Court stayed all three adversary proceedings for identical reasons, the Court, on its own motion, determines that leave to appeal should be denied as to the 263 and 265 appeals as well.[1] Accordingly, for the reasons set forth below, the Court finds that the 263, 265, and 266 appeals should be dismissed without prejudice.

## II. DISCUSSION

"Jurisdiction over an appeal from an order of a bankruptcy court is governed by 28 U.S.C. § 158." In re Frontier Properties, Inc., 979 F.2d 1358, 1362 (9th Cir. 1992). Section 158 enumerates three circumstances under which the district court has jurisdiction over appeals from the Bankruptcy Court: (1) appeals "from final judgments, orders, and decrees," 28 U.S.C. § 158(a)(1); (2) appeals from "interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title," id. § 158(a)(2); and (3) appeals "with leave of court, from other interlocutory orders and decrees," id. § 158(a)(3). Because this appeal concerns a stay, only §§ 158(a)(1) and (3) are applicable here.

### A. Final Orders

Appellants argue that the Bankruptcy Court's stay order is a final order, appealable under § 158(a)(1). If an order of the Bankruptcy Court is final within the definition of 28 U.S.C. § 158(a)(1), the district court must hear the appeal. In re City of Desert Hot Springs, 339 F.3d 782, 787 (9th Cir. 2003). "A final decision is one that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" In re Frontier Properties, Inc., 979 F.2d at 1362 (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). Here, the bankruptcy court's stay order did not "end[] the litigation on

---

[1] To the extent that appellants argue that this Court implicitly granted leave to appeal in the 263 and 265 appeals by setting a briefing schedule and ruling on a motion to consolidate those two appeals, the Court hereby reconsiders that prior grant of leave to appeal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | 8:14-cv-00263-CAS<br>8:14-cv-00265-CAS<br>8:14-cv-00266-CAS | Date | August 15, 2014 |
|---|---|---|---|
| Title | IN RE: JEFFREY SUMNER CHILDS | | |

the merits." To the contrary, by issuing the stay order, the bankruptcy court was implementing a procedure for the orderly resolution of the merits of the adversary proceedings. Cf. Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 275 (1988) (finding that an order regarding a stay is not appealable because "the order ensures that litigation will continue in the District Court."). Accordingly, the Court concludes that the bankruptcy court's stay order is not appealable as a final order under § 158(a)(1).

Appellants resist this conclusion on three grounds, none of which is persuasive. First, appellants contend that the stay order places them "effectively out of court," Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 10 (1983), and should thus be treated as an appealable final order. See also Blue Cross & Blue Shield of Alabama v. Unity Outpatient Surgery Ctr., Inc., 490 F.3d 718, 724 (9th Cir. 2007) ("[W]e hold that we have jurisdiction to review the stays because they place the plaintiffs effectively out of court."). This argument fails, as the stay order at issue here does not place the appellants "out of court." By contrast, as the bankruptcy court made clear when issuing the stay order, the stay is integral to the orderly resolution of the issues presented in the three adversary proceedings:

> So I think we have substantial overlap here. And it seems to the Court that the most intelligent way to proceed in terms of reducing costs, reducing duplication, simplifying the issues is to proceed with respect to the claim first and to give the parties a period of approximately 60 days to file an objection to that claim. If no objections are filed, the Court anticipates it would allow the claim at that point and that would probably move the case along. And if there are objections, then the Court will resolve those objections as a contested matter with the full panoply of discovery being available. In the meantime, the Court is contemplating staying the three adversary proceedings, again, to prevent that kind of unnecessary duplication and expense.

Appendix 12, at 6:17-7:4. The Bankruptcy Court thus set forth a straightforward timeline for lifting the stay, and reaching the merits of appellants' adversary proceedings. This case thus contrasts markedly with both Moses H. Cone and Blue Shield, where the stay orders either effectively ended the case, or were of potentially indefinite duration. See Moses H. Cone Mem'l Hosp., 460 U.S. at 10 ("[A] stay of the federal suit pending

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | 8:14-cv-00263-CAS<br>8:14-cv-00265-CAS<br>8:14-cv-00266-CAS | Date | August 15, 2014 |
|---|---|---|---|
| Title | IN RE: JEFFREY SUMNER CHILDS | | |

resolution of the state suit meant that there would be no further litigation in the federal forum."); Blue Cross & Blue Shield of Alabama., 490 F.3d at 724 ("The stays in this case are both indefinite and expected to be lengthy."). Accordingly, the Court concludes that the stay order does not place the appellants "out of court," and is therefore not an appealable final order.[2]

 Second, appellants contend that the order is immediately appealable as a final order because, by staying the adversary proceedings rather than ruling on the pending petition to compel arbitration, the Bankruptcy Court effectively denied the petition to compel arbitration in the Tucker adversary proceeding. Appellants thus argue that the stay order is immediately appealable pursuant to 9 U.S.C. § 16(a)(1)(B), which provides that an appeal may be taken from any order "denying a petition under section 4 of this title to order arbitration to proceed." This argument fails for substantially the same reason as appellants' previous argument, namely that the stay order did not deny the petition to compel arbitration, but rather implemented the Bankruptcy Court's plan for resolving that petition in an orderly fashion.

 Lastly, appellants contend that the order is immediately appealable as a final order because the Bankruptcy Court lacks jurisdiction over the adversary proceedings. Even assuming, however, that the Bankruptcy Court lacks jurisdiction over the adversary proceedings, this appeal from the stay order is not the proper vehicle for advancing such an argument. Instead, the proper avenue for contesting the subject matter jurisdiction of the Bankruptcy Court is through the pending motions to remand, which the Bankruptcy Court has not yet had the opportunity to resolve. If and when the Bankruptcy Court does reach the issue of subject matter jurisdiction, it may be possible to appeal that

---

 [2] The foregoing analysis applies with equal force to the 263, 265, and 266 appeals. Of course, appellants' subsequent argument in this section that the Bankruptcy Court's stay order is effectively denial of a petition to compel arbitration, is not applicable to the 263 and 265 appeals. Similarly, appellants' argument that leave to appeal should be granted because the Bankruptcy Court lacks jurisdiction over the adversary proceeding is also applicable to the 265 appeal, but not the 263 appeal, since the adversary proceeding giving rise to that appeal was initiated by appellants in the Bankruptcy Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

JS-6

| Case No. | 8:14-cv-00263-CAS<br>8:14-cv-00265-CAS<br>8:14-cv-00266-CAS | Date | August 15, 2014 |
|---|---|---|---|
| Title | IN RE: JEFFREY SUMNER CHILDS | | |

determination. For now, however, appellants, cite no authority for the proposition that every order of a Bankruptcy Court becomes immediately appealable if a party contests the subject matter jurisdiction of the Bankruptcy Court. Accordingly, the Court finds this final argument unpersuasive.

### B. Interlocutory Orders

This Court also has the discretion to hear appeals of interlocutory orders and decrees from the Bankruptcy Court. 28 U.S.C. § 158(a)(3); see City of Desert Hot Springs, 339 F.3d 782, 787. In determining whether to grant leave to appeal pursuant to § 158(a)(3), the Court considers whether the appeal "involves a controlling question of law as to which there is substantial ground for difference of opinion" that, if decided immediately, "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); see also In re Bertain, 215 B.R. 438, 441 (B.A.P. 9th Cir.1997); In re Betta Products, Inc., 2007 W L 3023044, at * 1-2 (N.D. Cal. Oct. 15, 2007) (applying § 1292(b) in this context). Here, the stay order neither implicates a controlling question of law nor offers an opportunity to materially advance the ultimate termination of the litigation. First, the bankruptcy court's decided to stay the adversary proceedings under its well-established authority to manage its own docket. The bankruptcy court's exercise of this discretion does not present a "controlling question of law." Nor would deciding the propriety of the stay "materially advance the ultimate termination" of this case, as vacating the stay would merely rearrange the order in which the bankruptcy court considered the issues presented by the three adversary proceedings. Accordingly, the Court declines to exercise jurisdiction over this case as an appeal from an interlocutory order pursuant to 28 U.S.C. § 158(a)(3).

/ / /

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | 8:14-cv-00263-CAS<br>8:14-cv-00265-CAS<br>8:14-cv-00266-CAS | Date | August 15, 2014 |
|---|---|---|---|
| Title | IN RE: JEFFREY SUMNER CHILDS | | |

## III.  CONCLUSION

In accordance with the foregoing, the above-captioned appeals are hereby DISMISSED without prejudice.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |